THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   DIMITAR DERMENDZIEV,                          CASE NO. C13-0236-JCC

10                        Petitioners,            ORDER

11          v.

12   JEFFREY A. UTTECHT, *et al.*,

13                        Respondents.

14

15      This matter comes before the Court on Petitioner's objections[1] (Dkt. Nos. 48, 51) to the

16   Report and Recommendation ("R&R") of the Honorable James P. Donohue, United States

17   Magistrate Judge (Dkt. No. 42) and Petitioner's motion to supplement/expand the record (Dkt.

18   No. 49). Judge Donohue's R&R recommends that the Court deny Mr. Dermendziev's § 2254

19   petition (Dkt. No. 1); deny Mr. Dermendziev a certificate of appealability; and deny as moot the

20   remainder of Petitioner's motions, which include *inter alia* a motion to obtain discovery within

21   and beyond the existing state-court record, a motion to dismiss and for default judgment, a

22   motion to reconsider regarding Mr. Dermendziev's request to supplement the record, and a

23   _____

24      [1] Petitioner initially requested an extension of time to file objections, which the Court granted on October
     18, 2013. (Dkt. No. 47.) However, he also filed a set of objections which were docketed the same day that the Court
25   granted the extension. (Dkt. No. 48.) Petitioner's renewed objections were due November 18, 2013. (Dkt. No. 47.)
     On November 19, 2013, the Court received a 50-page addendum to Petitioner's objections that he mailed to the
26   Court on November 14, 2013. (Dkt. No. 51.) Notwithstanding the length of this document, the Court has considered
     it in addition to Petitioner's original objections.

ORDER
PAGE - 1

motion to reconsider Chief Judge Pechman's denial of Petitioner's recusal motion. (*See* Dkt. Nos. 32, 35, 38–40.) Having thoroughly considered the R&R, the parties' briefing, and the relevant record, the Court finds oral argument unnecessary and ADOPTS the Report and Recommendation in full. (Dkt. No. 42.) Petitioner's motion to expand the record is DENIED.

## I.  DISCUSSION

A district court must conduct a *de novo* review of those portions of a magistrate judge's report to which a party properly objects. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3); Rule 8(b) of the Rules Governing Section 2254 Cases. A party properly objects when he or she files "specific written objections" to the magistrate judge's report as required under Federal Rule of Civil Procedure 72(b)(2). In contrast, general objections, or summaries of arguments previously presented, have the same effect as no objection at all, since the Court's attention is not focused on any specific issues for review. *Howard v. Sec'y of Health and Human Svcs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Petitioner raises four grounds for relief in his § 2254 motion: (1) prosecutorial misconduct; (2) ineffective assistance of counsel regarding defense counsel colluding with the prosecution; (3) the trial judge's abuse of discretion; and (4) personal immunity from criminal prosecution. (Dkt. No. 42 at 5; 9 at 5–11.) Judge Donohue rejected Petitioner's claims and recommends that the Court dismiss Mr. Dermendziev's motion with prejudice (1) because Petitioner procedurally defaulted these claims by failing to fairly present them as federal constitutional issues to all levels of the state courts; and (2) because Mr. Dermendziev's petition fails to demonstrate that the state-court adjudication was contrary to, or an unreasonable application of, established federal law, or was an unreasonable determination of the facts in light of the evidence presented. (Dkt. No. 42 at 5.) Petitioner now objects to Judge Donohue's R&R by raising largely the same rambling, speculative, and conclusory contentions he made below. Upon review, the Court overrules Petitioner's objections, adopts the R&R, and dismisses the petition with prejudice.

1        Petitioner objects primarily on the basis that it is "self-evident" from his charts of

2    evidence that "all claims in all 4 ground[s] have been overexhausted and moreover certified by

3    the [Washington] Supreme Court[.]" (Dkt. No. 48 at 9, 11–12.) The Court disagrees. Judge

4    Donohue specifically reviewed each of Petitioner's claims and cited the portions of the state-

5    court record and opinions that demonstrate Mr. Dermendziev's failure to fairly present the claims

6    as federal constitutional questions. (Dkt. No. 42 at 5–13.)  While Petitioner presents pages of

7    vague and repetitive arguments regarding the factual basis for his claims, he does not seriously

8    grapple with the procedural default holding of the R&R. Additionally, the Court agrees with

9    Judge Donohue's conclusion—which Petitioner has not seriously addressed—that he cannot

10    overcome his procedural default because he has failed to demonstrate either cause for the default

11    or actual prejudice or that a failure to consider his claims will result in a fundamental miscarriage

12    of justice. (Dkt. No. 42 at 12) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).) Because

13    Mr. Dermendziev has not offered any actual reason to reject Judge Donohue's R&R, the Court

14    agrees that Petitioner failed to fairly present his claims as federal constitutional claims.

15        In addition to his objections, Petitioner filed a lengthy addendum in which he argues that

16    his prosecution and conviction were in violation of the First Amendment. This filing reiterates

17    the First Amendment/common law immunity arguments raised before Judge Donohue. First, the

18    Court is not satisfied that these claims were fairly presented to each level of the state courts.

19    (Dkt. No. 42 at 10.) Further, even if it was to be considered on the merits, the Court finds that

20    Petitioner's argument fails. As the Court construes Mr. Dermendzeiv's argument, he believes

21    that he is entitled to immunity because he contacted state child protection services officials about

22    his child's drug use problem. To support his argument, he relies on the "*Noerr-Pennington*

23    doctrine" and RCW § 4.24.510 *et seq*.  Mr. Dermendziev, however, does not and cannot

24    demonstrate that any state court's determination was contrary to, or an unreasonable application

25    of, established federal law, or was an unreasonable determination of the facts in light of the

26    evidence presented. *See* 28 U.S.C. § 2254(d)(1)–(2). Indeed, the Court notes that RCW §

4.24.510 provides *civil* immunity, and the *Noerr-Pennington* doctrine generally provides statutory immunity for one's "petitioning conduct" only. *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 932 – 33 (9th Cir. 2006). Neither RCW § 4.24.510 *et seq.* nor the *Noerr-Pennington* doctrine were unreasonably rejected by the state courts. Petitioner's objections are accordingly without merit.

## II.   CONCLUSION

For the foregoing reasons,  the Court ORDERS as follows:

(1)   The Report and Recommendation (Dkt. No. 42) is ADOPTED;

(2)   Petitioner's habeas petition is DENIED and the case is DISMISSED with prejudice;

(3)   Petitioner is DENIED issuance of a certificate of appealability;

(4)   Petitioner's motion at Dkt. No. 38 is DENIED as meritless and the motions at Dkt. Nos. 32, 35, 38, 39, 40, 49 are DENIED as moot; and

(5)   The Clerk is respectfully directed to send copies of this Order to Petitioner and to Judge Donohue.

DATED this 3rd day of December 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4